# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:15-cv-00081-MR-DLH

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> OTC INVESTMENTS LLC, FOREX CURRENCY TRADE ADVISORS, LLC AND BARRY C. TAYLOR, <br><br> Defendants. | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's E*x Parte M*otion to Temporarily Seal the Entire Docket and File [Doc. 2].

The Plaintiff moves the Court to seal the docket and file of this case for at least a period of seventy-two (72) hours following the service of the *ex parte* restraining order entered by the Court. [Doc. 2].

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific

reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

Having considered the Plaintiff's motion and its arguments in support thereof, the Court hereby finds that there are compelling reasons to seal temporarily the docket and file in this case, albeit not for the length of time requested by the Plaintiff. The Court specifically finds that absent a temporary seal, the Defendants would have the opportunity to hinder the Court's consideration of the case, and render ineffective any relief this Court may enter at the ultimate disposition of this matter, by dissipating or transferring assets and destroying books and records in order to avoid the relief sought by the Plaintiff. Accordingly, the Court finds that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of this case from public disclosure. The Court further finds that the public has been provided with adequate notice and an opportunity to object to the Plaintiff's motion, as it is accessible to the public through the Court's electronic case filing system. Finally, having considered less drastic alternatives to sealing the entire docket, the Court concludes that temporary sealing of the docket is narrowly tailored to avoid the harms set forth above.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion [Doc. 2] is **GRANTED IN PART**, and the entire docket and file in this matter shall be sealed.

**IT IS FURTHER ORDERED** that this sealing order shall expire upon the moment of service of the summons, the complaint, and the *ex parte* statutory restraining order. Plaintiff's counsel shall notify the Court within twenty-four (24) hours of service so that the docket may be unsealed. If the summons, complaint, and restraining order have not been served by 5:00 p.m. on Friday, May 1st, 2015, the sealing order shall expire at that time unless it has been extended by further order of this Court.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge