# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:15-cv-00081-MR-DLH

| | |
|---|---|
| **U.S. COMMODITY FUTURES TRADING COMMISSION,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**OTC INVESTMENTS LLC, FOREX CURRENCY TRADING ADVISORS, LLC, AND BARRY C. TAYLOR,**<br><br>**Defendants.** | **ORDER GRANTING PLAINTIFF'S *EX PARTE* EMERGENCY MOTION FOR RESTRAINING ORDER** |

_____

**THIS MATTER** is before the Court on the U.S. Commodity Futures Trading Commission's *Ex Parte* Emergency Motion for Restraining Order in Accordance with Section 6(a) of the Commodity Exchange Act, 7 U.S.C.§ 13a-1(a) (2012) [Doc. 3].

The U.S. Commodity Futures Trading Commission ("Commission" of "CFTC") has filed a Complaint for Permanent Injunction and Other Relief and has moved, pursuant to Section 6c(a) of the Commodity Exchange Act (the "Act"), 7 U.S.C. § 13a-1(a) (2012), for an *ex parte* restraining order enjoining defendants Barry Taylor ("Taylor"), OTC Investments LLC ("OTC

Investments"), and Forex Currency Trading Advisors, LLC ("FCT Advisors") (collectively, "Defendants") from destroying, altering, or disposing of, or refusing to permit authorized representatives of the Commission to inspect and copy any books or records or other documents, including electronically stored information ("ESI"), and further enjoining the Defendants from withdrawing, transferring, removing, dissipating, or disposing of any funds, assets or other property. Having considered the pleadings, declarations, exhibits, and memorandum filed in support of the Commission's motion for a restraining order, **THIS COURT HEREBY FINDS**:

1. This Court has jurisdiction over the parties and over the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2012), and Section 2(c)(2) of the Act, 7 U.S.C. § 2(c)(2) (2012).

2. This Court is authorized by Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a), to issue a statutory restraining order against the Defendants.

3. Venue lies properly within this District pursuant to Section 6c(e) of the Act, 7 U.S.C. 13a-1(e) (2012).

4. It appears to the satisfaction of the Court that the Plaintiff has presented a prima facie case, and further has shown by competent evidence that there is a substantial likelihood that the Plaintiff will prevail on the merits of this matter in showing, that the Defendants have engaged, are engaging,

and are about to engage in certain unlawful conduct, including, but not limited

to: making affirmative material misrepresentations to pool participants

and/or prospective pool participants, misappropriating pool participants'

funds, acting as an unlawfully unregistered commodity pool operator ("CPO")

or an unlawfully unregistered associated person ("AP") of a CPO, improperly

commingling pool participants' funds with personal and other business-

related funds, and engaging in other acts, practices or a course of business

that defrauded pool participants or prospective pool participants, operated

as a fraud or deceit on pool participants, cheated or defrauded or attempted

to cheat or defraud other persons, or willfully deceived or attempted to

deceive other persons in connection with a pooled investment vehicle that is

not an eligible contract participant ("ECP"), as defined by Section 1a(11) of

the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. § 1a(11) (2012),

in connection with leveraged, margined or financed foreign currency

transactions ("forex") as described in Section 2(c)(2)(C)(i) of the Act, 7 U.S.C.

§ 2(c)(2)(C)(i) (which are subject to the anti-fraud provisions of Section

4b(a)(2)(A) and (C) of the Act, 7 U.S.C. § 6b(a)(2)(A), (C), pursuant to

Sections 2(c)(2)(C)(ii)(I) and 2(c)(2)(C)(iv) of the Act, 7 U.S.C. §§

2(c)(2)(C)(ii)(I), 2(c)(2)(C)(iv)), in violation of Sections 2(c)(2)(C)(iii)(I)(cc),

4b(a)(2)(A), (C), and 4o(1)(A)-(B) of the Act, 7 U.S.C. §§ 2(c)(2)(C)(iii)(I)(cc),

3

6b(a)(2)(A), (C) and 6*o*(1)(A)-(B) (2012), and Commission Regulation 5.3(a)(2)(i) and (ii), 17 C.F.R. §5.3(a)(2)(i) and (ii) (2014).

5.    It appears to the satisfaction of the Court that there is a substantial likelihood that the Defendants' violations of the Act and Regulations are likely to continue unless they are restrained and enjoined from committing further violations.

6.    It appears to the satisfaction of the Court that there is a substantial likelihood that the Defendants' customers may be cheated and defrauded and immediate and irreparable damage will occur to the Court's ability to grant effective final relief in the form of monetary redress due to the dissipation of customer assets and destruction of books and records unless the Defendants are immediately restrained and enjoined by order of the Court.  Further, the Court finds that balance of hardships tips in the Plaintiff's favor, as the potential harm to the public in not granting the requested restraining order outweighs the potential harm to the Defendants in granting the requested relief.

7.    It further appears to the satisfaction of the Court that there is a substantial likelihood that absent the entry of this restraining order, the Defendants are likely to dissipate or transfer assets and destroy business records.

8. Consequently, the Court **CONCLUDES** as a matter of law that a statutory restraining order should issue *ex parte* in order to preserve the status quo, protect public customers from loss and damage, and enable the Commission to fulfill its statutory duties.

## DEFINITIONS

For the purposes of this Order, the following definitions apply:

9. The term "assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, whether individually or jointly, directly or indirectly controlled, and wherever located, including but not limited to: chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds mail or other deliveries, inventory, checks, notes, accounts (including, but not limited to, bank accounts and accounts at other financial institutions), credits, receivables, lines of credit, contracts (including spot, futures, options, or swaps contracts), insurance policies, and all cash, wherever located, whether in the United States or outside the United States.

10. The term, "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, but is not limited to, all writings or printed matter of any kind, including without limitation: records, correspondence, memoranda, notes,

rolodexes, address books, diaries, statistics, e-mail, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice or intra-office communications, telephone message slips, offers, notations of conversations, bulletins, drawings, plans, computer printouts, computer input or output, teletypes, facsimiles, invoices, worksheets, ledger books, books of accounts, and all drafts, alterations, modifications, changes and amendments of any of the foregoing. The term "document" also includes graphs, charts, photographs, phonographic record, audio and video recordings, computer records, and other data compilations from which information can be obtained or translated, if necessary, through detection devices into reasonable usable form. The term "document" also refers to each and every document in a person's actual or constructive possession, including but not limited to: (i) all documents within the custody or control of any present or former agents, employers, employees, partners, and (ii) all documents which a person has a legal or equitable right to obtain from another person. A draft or non-identical copy is a separate document within the meaning of the term. A document also includes the file and folder tabs associated with each original and copy.

11.     "Defendants" refers to **OTC Investments LLC, Forex Currency Trading Advisors LLC and Barry C. Taylor**, and any person insofar as he or she is acting in the capacity of an officer, agent servant, employee, or attorney of the Defendants and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with the Defendants.

## RELIEF GRANTED

### I.     STATUTORY RESTRAINING ORDER PROHIBITING THE TRANSFER, REMOVAL, DISSIPATION AND DISPOSAL OF ASSETS

**IT IS HEREBY ORDERED** that the Defendants and their agents, servants, employees, assigns, attorneys, and person in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, are immediately restrained and enjoined, except as otherwise ordered by this Court, from directly or indirectly: transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any assets, wherever located, including Defendants' assets held outside the United States; ***provided however,*** that if either Defendants OTC Investments, FCT Advisors or Taylor have or control any accounts in which there are any open trading positions in contracts, agreements, or

7

transactions in foreign currency or options relating thereto ("forex"), Defendants shall forthwith close out or liquidate any and all such open forex positions. The assets affected by this Order shall include both existing assets and assets acquired after the effective date of this Order.

**IT IS FURTHER ORDERED** that the Defendants are restrained and enjoined from directly or indirectly opening or causing to be opened any safe deposit boxes titled in the name of, or subject to, access by the Defendant(s).

## II. MAINTENANCE OF AND ACCESS TO BUSINESS RECORDS

**IT IS HEREBY ORDERED** that the Defendants, and their agents, servants, employees, assigns, attorneys, and person in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, are restrained from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business or personal finances of any Defendant.

## III. BOND NOT REQUIRED OF PLAINTIFF

**IT IS FURTHER ORDERED** that as the Plaintiff Commission is an agency of the United States of America which has made a proper showing under Section 6c(b), 7 U.S.C. 13a-1(b) (2012), this restraining order is granted without bond. Accordingly, the Commission need not post a bond.

## IV. INSPECTION AND COPYING OF BOOKS AND RECORDS

**IT IS FURTHER ORDERED** that representatives of the Commission are immediately allowed to inspect the books, records, and other documents of the Defendants and their agents including, but not limited to, paper documents, electronically stored information ("ESI"), tape recordings, and computer discs, wherever they may be situated and whether they are in the possession of the Defendants or others, and to copy said documents, data and records, either on or off the premises where they may be situated.

**IT IS FURTHER ORDERED** that the Defendants shall, within twenty-four (24) hours of service of this Order, cause to be prepared and delivered to the Commission a detailed and complete schedule of all passwords for any encrypted ESI in the possession of control of the Defendants that relate to the business practices of any Defendant or the business or personal finances of any Defendant. The Defendants shall, within twenty-four (24) hours of service of this Order, cause to be prepared and delivered to the Commission a detailed and complete schedule of all desk top computers, laptop computers owned and/or used by them in connection with their business. The schedules required by this section shall include at a minimum the make, model and description of each, along with the location, the name of the person primarily assigned to use the computer, and all passwords

necessary to access and use the software contained on the computer and/or

PDA.  The Commission shall be authorized to make an electronic, digital or

hard copy of all of the data contained on the computer(s).

## V.     SERVICE OF ORDER AND ASSISTANCE OF UNITED STATES MARSHALS SERVICE OR STATE LAW ENFORCEMENT

**IT IS FURTHER ORDERED** that copies of this Order may be served

by any means permitted by the Federal Rules of Civil Procedure upon any

financial institution or other entity or person that may have possession,

custody, or control of any documents or assets of any Defendant or that

may be subject to any provision of this Order.

**IT IS FURTHER ORDERED** that Peter M. Haas, JonMarc P. Buffa,

Jeremy Christianson, and Patricia Gomersall are specially appointed by the

Court to effect service.

**IT IS FURTHER ORDERED** that the United States Marshal's Service

is directed to assist the Commission with service of process, including of the

Complaint, summons, and all other papers in this case, as well as assist the

Commission with taking control and custody of the assets, books, records,

and business premises of the Defendants.

## VI.      SERVICE ON THE COMMISSION

**IT IS FURTHER ORDERED** that the Defendants shall serve all pleadings, correspondence, notices required by this Order, and other materials on the Commission by delivering a copy to Peter M. Haas and/or JonMarc P. Buffa, Division of Enforcement, Commodity Futures Trading Commission, 1155 21st Street, N.W., Washington, D.C. 20581, and/or by filing such pleadings or other materials electronically with the Court.

## VII.      FORCE AND EFFECT

**IT IS FURTHER ORDERED** that this Restraining Order shall expire at 5:00 p.m. on Friday, May 1, 2015, unless before that time the Court, for good cause, extends it for a like period.

**IT IS SO ORDERED**, at Asheville, North Carolina on the 22nd day of April, 2015, at 12:00 p.m.

Signed: April 22, 2015

Martin Reidinger
United States District Judge

11