# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:15-cv-00081-MR

| | |
|---|---|
| **U.S. COMMODITY FUTURES TRADING COMMISSION,** | |
| Plaintiff, | **ORDER OF PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF** |
| vs. | |
| **OTC INVESTMENTS LLC, FOREX CURRENCY TRADE ADVISORS, LLC AND BARRY C. TAYLOR,** | |
| Defendants. | |

**THIS MATTER** is before the Court on the Motion for Preliminary Injunction [Doc. 17] and Memorandum in Support [Doc. 18] filed by the Plaintiff U.S. Commodity Futures Trading Commission's ("CFTC" or "Commission") against the two corporate entity Defendants in this case, OTC Investments LLC ("OTC") and Forex Currency Trade Advisors, LLC ("FCTA").[1]

---

[1] This Court has deferred consideration of the CFTC's Motion for Preliminary Injunction against the individual Defendant Barry C. Taylor ("Taylor"), until May 29, 2015, and has in the interim continued in effect the terms of the Court's Restraining Order against Taylor entered on April 22, 2015, and extended on May 1, 2015 [Doc. 13] and May 15, 2015 [Doc. 22].

## I. PROCEDURAL BACKGROUND

The Court first addresses the procedural posture of this case with regard to the corporate entities, OTC and FCTA, and the Court's authority and jurisdiction to enter the preliminary injunctive and ancillary equitable relief requested by the Commission. OTC and FCTA were properly served with a summons and the Commission's Complaint, as well as the Court's Restraining Order [Doc. 11] and other papers filed by the CFTC at the outset of this case. Accordingly, the Court has proper *in personam* jurisdiction over OTC and FCTA. No lawyer, however, has entered an appearance on behalf of either OTC or FCTA. It is well-established that corporate entities and other non-human entities, such as limited liability companies, can appear in federal court only through counsel. See, e.g., Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries… that a corporation may appear in federal court only through licensed counsel."); Gilley v. Shoffner, 345 F. Supp. 2d 563, 566-67 (M.D.N.C. 2004) (holding that a limited liability company could not appear in federal court *pro se*).

Second, because this case is no longer in an *ex parte* posture, as noted by the Court at the May 15, 2015 Show Cause Hearing on the Motion for Preliminary Injunction, the Court, pursuant to the terms of Sections 6c(a) and (c) of the Commodity Exchange Act ("the Act"), 7 U.S.C. § 13a-1(a), (c) (2012), can enter additional preliminary injunctive relief against Defendants OTC and FCTA, because of the Notice of Hearing and service of process. This Court has the authority to enter preliminary injunctive relief against OTC and FCTA, including the entry of such ancillary injunctive relief as the Court deems necessary "to remove the danger of the violation of [the] Act or any such rule, regulation, or order." Section 6c(c) of the Act, 7 U.S.C. § 13a-1(c) (2012). The Court's authority to provide injunctive relief is no longer circumscribed by the statutory limitations on *ex parte* relief imposed by the other terms of Section 6c(a) and 6c(c) of the Act, 7 U.S.C. §§ 13a-1(a), (c) (2012).

## II. FINDINGS OF THE COURT

Having considered the pleadings, declarations, exhibits, and memoranda filed and referenced by the CFTC in support of its motion for entry of a preliminary injunction as to Defendants OTC and FCTA, **THIS COURT HEREBY FINDS:**

A. It appears to the satisfaction of the Court that the Plaintiff has presented a prima facie case, and further has shown by competent evidence that there is a substantial likelihood that the Plaintiff will prevail on the merits of this matter in showing that the Defendants OTC and FCTA, acting through their agent Taylor, have engaged, are engaging, and are about to engage in certain unlawful conduct, including but not limited to:

(a) making affirmative misrepresentations to pool participants and/or prospective pool participants [see, e.g., Declaration of Patricia Gomersall ("Gomersall Dec."), Doc. 4 at ¶¶ 37-39];

(b) misappropriating pool participants' funds [Id. at ¶¶ 18-20];

(c) failing to disclose material information to pool participants, including but not limited to the fact that Defendants OTC and FCTA, acting through their agent Taylor, were misappropriating a significant portion of pool participants' funds, and engaging in generally unprofitable foreign currency ("forex") trading that resulted in growing net realized trading losses [Id. at ¶¶ 39-41];

(d) acting as an illegally unregistered commodity pool operator ("CPO") [Id. at ¶¶ 8-9, 11, 13, 15-16, 32 and 34];

4

(e) improperly commingling pool participants' funds with personal and other business-related funds [Id. at ¶¶ 18-20, 29 and 38-40]; and

(e) engaging in other acts, practices or a course of business that defrauded pool participants or prospective pool participants, operated as a fraud or deceit on pool participants, cheated or defrauded or attempted to cheat or defraud other persons, or willfully deceived or attempted to deceive other persons, or willfully deceived or attempted to deceiver other persons in connection with a pooled investment vehicle that is not an eligible contract participant ("ECP") as defined by Section 1a(11) of the Act, 7 U.S.C. § 1a(11) (2012), in connection with leveraged, margined or financed forex transactions as described in Section 2(c)(2)(C) of the Act, 7 U.S.C. § 2(c)(2)(C)(i) (which are subject to the anti-fraud provisions of Section 4b(a)(2)(A) and (C) of the Act, 7 U.S.C. § 6b(a)(2)(A), (C), pursuant to Sections 2(c)(2)(C)(ii)(I) and 2(c)(2)(C)(iv) of the Act, 7 U.S.C. § 2(c)(2)(C)(ii)(I), 2(c)(2)(C)(iv)), in violation of Sections 2(c)(2)(C)(iii)(I)(cc), 4b(a)(2)(A), (C), and 4o(1)(A)-(B) of the Act, 7 U.S.C. §§ 2(c)(2)(C)(iii)(I)(cc), 6b(a)(2)(A),

(C), and 6*o*(1)(A)-(B) (2012), and Commission Regulation 5.3(a)(2)(i) and (ii), 17 C.F.R. § 5.3(a)(2)(i) and (ii) (2014).

B. It appears to the satisfaction of the Court that there is a substantial likelihood that Defendants OTC's and FCTA's violations of the Act and Regulations will continue unless they are restrained and enjoined from committing further violations through the entry of an Order of Preliminary Injunction.

C. It appears to the satisfaction of the Court that there is a substantial likelihood that the Defendants OTC's and FCTA's customers may be cheated and defrauded and immediate and irreparable damage will occur to the Court's ability to grant effective final relief in the form of monetary relief due to the dissipation of customer assets and destruction of books and records unless the Defendants OTC and FCTA are preliminarily enjoined by order of the Court, and unless the Court converts the terms of the restraining order as to Defendants OTC and FCTA into a preliminary injunction as part of the equitable relief granted herein. Further, the Court finds that the balance of hardships tips in the Plaintiff's favor, as the potential harm to the public in not granting the preliminary injunction, and further converting the terms of the restraining order into a

preliminary injunction as part of the equitable relief granted herein, outweighs the potential harm to Defendants OTC and FCTA in granting the requested relief.

D. It further appears to the satisfaction of the Court that there is a substantial likelihood that absent the entry of this Order of Preliminary Injunction, Defendants OTC and FCTA, whether acting through their agent Taylor or otherwise, will dissipate or transfer assets, and destroy business records.

## III. DEFINITIONS

For the purposes of this Order, the following definitions apply:

1. The term "assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, whether individually or jointly, directly or indirectly controlled, and wherever located, including, but not limited to: chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts (including, but not limited to, bank accounts and accounts at other financial institutions), credits, receivables, lines of credit, contracts (including spot, futures, options, or swaps

contracts), insurance policies, and all cash, wherever located, whether within or outside the United States.

2.  The term "document" is synonymous in meaning and equal in scope to the broad usage of the term in Federal Rule of Civil Procedure 34(a).

3.  **Defendants OTC** and **FCTA** refers, respectively, to **OTC Investments LLC**, and **Forex Currency Trade Advisors, LLC**, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee, or attorney of Defendants OTC or FCTA, and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with either Defendant OTC or FCTA.

## IV. CONCLUSIONS OF LAW

Based on the foregoing, the Court **HEREBY CONCLUDES**:

E.  This Court has jurisdiction over the parties and over the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2012) and Section 2(c)(2) of the Act, 7 U.S.C. § 2(c)(2) (2012).

F.  This Court is authorized by the terms of Sections 6(c)(a) and 6c(c) of the Act, 7 U.S.C. §§ 13a-1(a), (c) (2012), as well as by the terms

of Fed. R. Civ. Proc. 65(a), to enter the order of preliminary injunction and ancillary equitable relief requested by the Commission against Defendants OTC and FCTA.

G. Venue lies properly within this District pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2012).

H. Defendants OTC and FCTA should be preliminarily enjoined, as further described below, to preserve the *status quo*, to prevent further violations of the Act and Regulations, to order Defendants OTC and FCTA to take such action as the Court deems necessary to remove the danger of violation of the Act or Regulations, to protect public customers from further loss and damage, and to enable the Commission to fulfill its statutory duties.

## RELIEF GRANTED

I. **PRELIMINARY INJUNCTIVE RELIEF**

**IT IS HEREBY ORDERED** that Defendants OTC and FCTA are hereby restrained, enjoined, and prohibited until further order of the Court, from directly or indirectly:

A. In connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, or swap,

that is made, or to be made, for or on behalf of, or with, any other person, other than on or subject to the rules of a designated contract market,

(1) cheating or defrauding or attempting to cheat or defraud any person; or

(2) willfully deceiving or attempting to deceive any person by any means whatsoever in regard to any order or contract or the disposition or execution of any such order or contract, or in regard to any act of agency performed, with respect to any such order or contract for or with any other person;

in violation of Section 4b(a)(2)(A) and (C) of the CEA, 7 U.S.C. § 6b(a)(2)(A), (C) (2012), and/or CFTC Regulation 5.2(b), 17 C.F.R. § 5.2(b) (2014);

B. Acting as a commodity pool operator, as that term is defined in Section 1a(11) of the CEA, 7 U.S.C. § 1a(11) (2012), or as an associated person of a commodity pool operator, by use of the mails or any means or instrumentality of interstate commerce,

(1) employing any device, scheme, or artifice to defraud any client or participant or prospective client or participant; or

(2) engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or participant or prospective client or participant;

in violation of Section 4*o*(1) of the Act, 7 U.S.C. § 6*o*(1) (2012).

**IT IS FURTHER ORDERED** that Defendants OTC and FCTA are hereby restrained, enjoined, and prohibited until further order of the Court, from directly or indirectly:

A. Trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(40) of the Act, 7 U.S.C. § 1a(40) (2012));

B. Entering into any transactions involving "commodity interests" (as that term is defined in Regulation 1.3(yy), 17 C.F.R. § 1.3(yy) (2014) for their own personal account or for any account in which they have a direct or indirect interest;

C. Having any commodity interests traded on their behalf;

D. Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

E. Soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

F. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2014); and/or

G. Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2014)), agent or any other officer or employee of any person (as that term is defined in Section 1a(38) of the Act, 7 U.S.C. § 1a(38) (2012)), registered, exempted from registration or required to be registered with the Commission except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2014).

## II. CONTINUED FORCE AND EFFECT OF THE RESTRAINING ORDER

**IT IS FURTHER ORDERED** that the Court's April 22, 2015 Restraining Order [Doc. 11] shall continue in full force and effect against Defendants OTC and FCTA. Defendants OTC and FCTA shall comply fully with all of the requirements of the Restraining Order.

## III. CONTINUATION OF ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants OTC and FCTA are restrained and enjoined from directly or indirectly transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any assets, wherever located, including Defendants OTC's and FTCA's assets held outside the United States, except as otherwise ordered by the Court. This Order shall apply to any OTC or FCTA assets derived from or otherwise related to the activities alleged in the CFTC's complaint, regardless of when the asset is obtained.

**IT IS FURTHER ORDERED** that any financial or brokerage institution, business entity, or person that holds, controls, or maintains custody of any account or asset titled in the name of, held for the benefit

of, or otherwise under the control of Defendant OTC or FCTA, or has held, controlled, or maintained custody of any such account or asset of Defendant OTC or FCTA at any time since August 1, 2011, who receives notice of this Order by personal service or otherwise, is hereby notified that this Order prohibits Defendants OTC and FCTA from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of Defendants OTC's or FCTA's assets, except as directed by further order of the Court; provided, however, nothing in this Order shall limit the discretion of any compliance official of any retail foreign exchange dealer or futures commission merchant with which Defendants OTC or FCTA maintain an account to liquidate, or close out, any and all open positions in Defendants OTC's or FCTA's account, in a prompt and orderly fashion in order to avoid losses due to the terms of the restraining order continued in effect by this Order.

IV. **MAINTENANCE OF AND ACCESS TO BUSINESS RECORDS**

**IT IS FURTHER ORDERED** that Defendants OTC and FCTA are restrained from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly,

any documents that relate to the business practices or business or personal finances of any Defendant.

## V. STAY OF ACTIONS

**IT IS FURTHER ORDERED** that except by leave of the Court, Defendants OTC and FCTA are hereby stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf of, or in the name of Defendants OTC or FCTA, including but not limited to, the following actions:

- A. Commencing, prosecuting, litigating or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations;
- B. Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, real and/or personal property of Defendants OTC or FCTA, or any real and/or personal property claimed by Defendants OTC or FCTA, or attempting to foreclose, forfeit, alter or terminate Defendants OTC's or FCTA's interest(s) in real and/or

personal property, whether such acts are part of a judicial proceeding or otherwise;

C. Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of Defendants OTC or FCTA; and

D. Doing any act or thing to interfere with the exclusive jurisdiction of this Court over the real and/or personal property and assets of Defendants OTC or FCTA.

The foregoing paragraph does not stay the commencement or continuation of any action or proceeding by any governmental unit to enforce such governmental unit's police or regulatory power.

## VI. SERVICE OF ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including electronic mail, facsimile transmission and United Parcel Service, upon any financial institution or other entity or

person that may have possession, custody, or control of any documents or assets of Defendants OTC or FCTA, or that may be subject to any provision of this Order.

## VII. **BOND NOT REQUIRED OF PLAINTIFF**

**IT IS FURTHER ORDERED** that Plaintiff CFTC is an agency of the United States, and therefore pursuant to Section 6c(b) of the Act, 7 U.S.C. § 13a-1(b) (2012), no bond is required prior to entry of this Order.

## VIII. **COURT MAINTAINS JURISDICTION**

**IT IS FURTHER ORDERED** that this Order shall remain in effect until further order of the Court, and the Court shall retain jurisdiction over this action to ensure compliance with this Order and for all other purposes related to this action.

**IT IS SO ORDERED.**

Signed: May 23, 2015

Martin Reidinger
United States District Judge