# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:15-cv-00081-MR

| | |
|---|---|
| **U.S. COMMODITY FUTURES TRADING COMMISSION,** | |
| Plaintiff, | **ORDER OF PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF** |
| vs. | |
| **OTC INVESTMENTS LLC, FOREX CURRENCY TRADE ADVISORS, LLC AND BARRY C. TAYLOR,** | |
| Defendants. | |

**THIS MATTER** is before the Court on the Motion for Preliminary Injunction [Doc. 17] and Memorandum in Support [Doc. 18] filed by the Plaintiff U.S. Commodity Futures Trading Commission's ("CFTC" or "Commission") against Defendant Barry C. Taylor ("Taylor").[1]

---

[1] This Court has already issued a preliminary injunction against the other two defendants in this case, OTC Investments LLC ("OTC") and Forex Currency Trade Advisors, LLC ("FCTA") on May 26, 2015. [Doc. 28].

## I. PROCEDURAL BACKGROUND

The Court first addresses the procedural posture of this case with regard to Defendant Taylor. Because this case is no longer in an *ex parte* posture, as noted by the Court at the May 15, 2015 Show Cause Hearing on the Motion for Preliminary Injunction, the Court, pursuant to the terms of Sections 6c(a) and (c) of the Commodity Exchange Act ("the Act"), 7 U.S.C. § 13a-1(a), (c) (2012), can enter additional preliminary injunctive relief against Defendant Taylor, because of the Notice of Hearing and service of process. This Court has the authority to enter preliminary injunctive relief against Taylor, including the entry of such ancillary injunctive relief as the Court deems necessary "to remove the danger of the violation of [the] Act or any such rule, regulation, or order." Section 6c(c) of the Act, 7 U.S.C. § 13a-1(c) (2012). The Court's authority to provide injunctive relief is no longer circumscribed by the statutory limitations on *ex parte* relief imposed by the other terms of Section 6c(a) and 6c(c) of the Act, 7 U.S.C. §§ 13a-1(a), (c) (2012).

The Court's authority to provide injunctive relief is also unaffected by Defendant Taylor's filing of a petition for Chapter 7 bankruptcy on May 13, 2015. [See Doc. 20]. While the filing of a petition in bankruptcy court

automatically stays most civil proceedings, see 11 U.S.C. § 362(a), it does not stay government enforcement proceedings such as the instant case. See 11 U.S.C. 362(b)(4) (providing exception from automatic stay for "an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power"). As the Fourth Circuit has explained: "if the purpose of the law is to promote 'public safety and welfare,' or to 'effectuate public policy' then the exception applies." Safety-Kleen, Inc. (Pinewood) v. Wyche, 274 F.3d 846, 865 (4th Cir. 2001) (finding that deterring environmental misconduct and encouraging the safe design and operation of hazardous waste facilities is a clear exercise of the state's regulatory power, and so the exception applies) (internal quotation marks and citations omitted). The analysis of the Safety-Kleen case applies with equal force to federal government actions. U.S. EEOC v. CTI Global Solutions, Inc., 422 B.R. 49, 52 (D. Md. 2010) ("Although Safety–Kleen, Inc., considered whether the exception applied to a state government department, it applies with equal force to a federal 'governmental unit.'") (citing EEOC v. McLean Trucking Co., 834 F.2d 398, 401 (4th Cir. 1987)). Here, the relief sought by the Plaintiff is designed to end violations of the Act, to enjoin fraudulent conduct, and to

deter future violations of the Act. Accordingly, the Court concludes that the present action is squarely within the regulatory and police powers of the Commission and therefore clearly qualifies for the governmental unit exception to the automatic stay provision of the Bankruptcy Code. See CFTC v. Co Petro Mktg. Group, 700 F.2d 1279, 1283 (9th Cir. 1983) ("the district court retains jurisdiction to enforce an injunction obtained in an action or proceeding by a governmental unit to enforce its police or regulatory power"); CFTC v. Incomco, Inc., 649 F.2d 128, 133 (2d Cir. 1981) ("The commencement or continuation of actions brought by governmental agencies to enforce regulatory or police powers is specifically exempted from the automatic stay provisions…."). The instant matter is squarely within the regulatory or police powers of the Commission, and so qualifies for the exception to the automatic stay provision of the Bankruptcy Code.

**II. FINDINGS OF THE COURT**

Having considered the pleadings, declarations, exhibits, and memoranda filed and referenced by the CFTC in support of its motion for entry of a preliminary injunction as to Defendant Taylor, **THIS COURT HEREBY FINDS:**

A. It appears to the satisfaction of the Court that the Plaintiff has presented a prima facie case, and further has shown by competent evidence that there is a substantial likelihood that the Plaintiff will prevail on the merits of this matter in showing that Defendant Taylor, acting both individually and as an agent for OTC and FCTA, has engaged, is engaging, and is about to engage in certain unlawful conduct, including but not limited to:

(1) making affirmative misrepresentations to pool participants and/or prospective pool participants [see, e.g., Declaration of Patricia Gomersall ("Gomersall Dec."), Doc. 4 at ¶¶ 37-39];

(2) misappropriating pool participants' funds [Id. at ¶¶ 18-20];

(3) failing to disclose material information to pool participants, including but not limited to the fact that Defendant Taylor, acting both individually and as an agent for OTC and FCTA, was misappropriating a significant portion of pool participants' funds, and engaging in generally unprofitable foreign currency ("forex") trading that resulted in growing net realized trading losses [Id. at ¶¶ 39-41];

(4) acting as an illegally unregistered commodity pool operator ("CPO") [Id. at ¶¶ 8-9, 11, 13, 15-16, 32 and 34];

(5) improperly commingling pool participants' funds with personal and other business-related funds [Id. at ¶¶ 18-20, 29 and 38-40]; and

(6) engaging in other acts, practices or a course of business that defrauded pool participants or prospective pool participants, operated as a fraud or deceit on pool participants, cheated or defrauded or attempted to cheat or defraud other persons, or willfully deceived or attempted to deceive other persons, or willfully deceived or attempted to deceiver other persons in connection with a pooled investment vehicle that is not an eligible contract participant ("ECP") as defined by Section 1a(11) of the Act, 7 U.S.C. § 1a(11) (2012), in connection with leveraged, margined or financed forex transactions as described in Section 2(c)(2)(C) of the Act, 7 U.S.C. § 2(c)(2)(C)(i) (which are subject to the anti-fraud provisions of Section 4b(a)(2)(A) and (C) of the Act, 7 U.S.C. § 6b(a)(2)(A), (C), pursuant to Sections 2(c)(2)(C)(ii)(I) and 2(c)(2)(C)(iv) of

6

the Act, 7 U.S.C. § 2(c)(2)(C)(ii)(I), 2(c)(2)(C)(iv)), in violation of Sections 2(c)(2)(C)(iii)(I)(cc), 4b(a)(2)(A), (C), and 4*o*(1)(A)-(B) of the Act, 7 U.S.C. §§ 2(c)(2)(C)(iii)(I)(cc), 6b(a)(2)(A), (C), and 6*o*(1)(A)-(B) (2012), and Commission Regulation 5.3(a)(2)(i) and (ii), 17 C.F.R. § 5.3(a)(2)(i) and (ii) (2014).

B. It appears to the satisfaction of the Court that there is a substantial likelihood that Defendant Taylor's violations of the Act and Regulations will continue unless he is restrained and enjoined from committing further violations through the entry of an Order of Preliminary Injunction.

C. It appears to the satisfaction of the Court that there is a substantial likelihood that the Defendant Taylor's customers may be cheated and defrauded and immediate and irreparable damage will occur to the Court's ability to grant effective final relief in the form of monetary relief due to the dissipation of customer assets and destruction of books and records unless Defendant Taylor is preliminarily enjoined by order of the Court, and unless the Court converts the terms of the restraining order as to Defendant Taylor into a preliminary

injunction as part of the equitable relief granted herein. Further, the Court finds that the balance of hardships tips in the Plaintiff's favor, as the potential harm to the public in not granting the preliminary injunction, and further converting the terms of the restraining order into a preliminary injunction as part of the equitable relief granted herein, outweighs the potential harm to Defendant Taylor in granting the requested relief.

D. It further appears to the satisfaction of the Court that there is a substantial likelihood that absent the entry of this Order of Preliminary Injunction, Defendant Taylor, acting both individually and as an agent for OTC and FCTA, will dissipate or transfer assets, and destroy business records.

## III. DEFINITIONS

For the purposes of this Order, the following definitions apply:

1. The term "assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, whether individually or jointly, directly or indirectly controlled, and wherever located, including, but not limited to: chattels,

goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts (including, but not limited to, bank accounts and accounts at other financial institutions), credits, receivables, lines of credit, contracts (including spot, futures, options, or swaps contracts), insurance policies, and all cash, wherever located, whether within or outside the United States.

2. The term "document" is synonymous in meaning and equal in scope to the broad usage of the term in Federal Rule of Civil Procedure 34(a).

3. **Defendant Taylor** refers to **Barry C. Taylor**, and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee, or attorney of Defendant Taylor, and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with Defendant Taylor.

IV. **CONCLUSIONS OF LAW**

Based on the foregoing, the Court **HEREBY CONCLUDES**:

A. This Court has jurisdiction over the parties and over the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2012) and Section 2(c)(2) of the Act, 7 U.S.C. § 2(c)(2) (2012).

B. This Court is authorized by the terms of Sections 6(c)(a) and 6c(c) of the Act, 7 U.S.C. §§ 13a-1(a), (c) (2012), as well as by the terms of Fed. R. Civ. Proc. 65(a), to enter the order of preliminary injunction and ancillary equitable relief requested by the Commission against Defendant Taylor.

C. Venue lies properly within this District pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2012).

D. Defendant Taylor should be preliminarily enjoined, as further described below, to preserve the *status quo*, to prevent further violations of the Act and Regulations, to order Defendant Taylor to take such action as the Court deems necessary to remove the danger of violation of the Act or Regulations, to protect public customers from further loss and damage, and to enable the Commission to fulfill its statutory duties.

**RELIEF GRANTED**

I. **PRELIMINARY INJUNCTIVE RELIEF**

**IT IS HEREBY ORDERED** that Defendant Taylor is hereby restrained, enjoined, and prohibited until further order of the Court, from directly or indirectly:

A. In connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, or swap, that is made, or to be made, for or on behalf of, or with, any other person, other than on or subject to the rules of a designated contract market:

(1) cheating or defrauding or attempting to cheat or defraud any person; or

(2) willfully deceiving or attempting to deceive any person by any means whatsoever in regard to any order or contract or the disposition or execution of any such order or contract, or in regard to any act of agency performed, with respect to any such order or contract for or with any other person;

in violation of Section 4b(a)(2)(A) and (C) of the CEA, 7 U.S.C. § 6b(a)(2)(A), (C) (2012), and/or CFTC Regulation 5.2(b), 17 C.F.R. § 5.2(b) (2014);

B. Acting as a commodity pool operator, as that term is defined in Section 1a(11) of the CEA, 7 U.S.C. § 1a(11) (2012), or as an associated person of a commodity pool operator, by use of the mails or any means or instrumentality of interstate commerce,

    (1) employing any device, scheme, or artifice to defraud any client or participant or prospective client or participant; or

    (2) engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or participant or prospective client or participant;

in violation of Section 4*o*(1) of the Act, 7 U.S.C. § 6*o*(1) (2012).

**IT IS FURTHER ORDERED** that Defendant Taylor is hereby restrained, enjoined, and prohibited until further order of the Court, from directly or indirectly:

A. Trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(40) of the Act, 7 U.S.C. § 1a(40) (2012));

B. Entering into any transactions involving "commodity interests" (as that term is defined in Regulation 1.3(yy), 17 C.F.R.

§ 1.3(yy) (2014) for his own personal account or for any account in which he has a direct or indirect interest;

C. Having any commodity interests traded on his behalf;

D. Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

E. Soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

F. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2014); and/or

G. Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2014)), agent or any other officer or employee of any person (as that term is defined in Section 1a(38) of the Act, 7 U.S.C. § 1a(38) (2012)), registered,

exempted from registration or required to be registered with the Commission except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2014).

## II. CONTINUED FORCE AND EFFECT OF THE RESTRAINING ORDER

**IT IS FURTHER ORDERED** that the Statutory Restraining Order previously entered herein shall continue in full force and effect against Defendant Taylor. Defendant Taylor shall comply fully with all of the requirements of the Restraining Order.

## III. CONTINUATION OF ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendant Taylor is restrained and enjoined from directly or indirectly transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any assets, wherever located, including Defendant Taylor's assets held outside the United States, except as otherwise ordered by the Court. This Order shall apply to any of Defendant Taylor's assets derived from or otherwise related to the activities alleged in the CFTC's complaint, regardless of when the asset is obtained.

**IT IS FURTHER ORDERED** that any financial or brokerage institution, business entity, or person that holds, controls, or maintains custody of any account or asset titled in the name of, held for the benefit

15

of, or otherwise under the control of Defendant Taylor, or has held, controlled, or maintained custody of any such account or asset of Defendant Taylor at any time since August 1, 2011, who receives notice of this Order by personal service or otherwise, is hereby notified that this Order prohibits Defendant Taylor from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of Defendant Taylor's assets, except as directed by further order of the Court; provided, however, nothing in this Order shall limit the discretion of any compliance official of any retail foreign exchange dealer or futures commission merchant with which Defendant Taylor maintains an account to liquidate, or close out, any and all open positions in Defendant Taylor's account, in a prompt and orderly fashion in order to avoid losses due to the terms of the restraining order continued in effect by this Order.

IV. **MAINTENANCE OF AND ACCESS TO BUSINESS RECORDS**

**IT IS FURTHER ORDERED** that Defendant Taylor is restrained from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any

documents that relate to the business practices or business or personal finances of any Defendant.

## V.     STAY OF ACTIONS

**IT IS FURTHER ORDERED** that except by leave of the Court, Defendant Taylor is hereby stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf of, or in his name, including but not limited to, the following actions:

A.     Commencing, prosecuting, litigating or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations;

B.     Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, real and/or personal property of Defendant Taylor, or any real and/or personal property claimed by Defendant Taylor, or attempting to foreclose, forfeit, alter or terminate Defendant Taylor's interest(s) in real and/or personal property, whether such acts are part of a judicial proceeding or otherwise;

C.     Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin,

execution or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of Defendant Taylor; and

   D. Doing any act or thing to interfere with the exclusive jurisdiction of this Court over the real and/or personal property and assets of Defendant Taylor.

The foregoing paragraph does not stay the commencement or continuation of any action or proceeding by any governmental unit to enforce such governmental unit's police or regulatory power.

## VI.  SERVICE OF ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including electronic mail, facsimile transmission and United Parcel Service, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Defendant Taylor, or that may be subject to any provision of this Order.

## VII. BOND NOT REQUIRED OF PLAINTIFF

**IT IS FURTHER ORDERED** that Plaintiff CFTC is an agency of the United States, and therefore pursuant to Section 6c(b) of the Act, 7 U.S.C. § 13a-1(b) (2012), no bond is required prior to entry of this Order.

## VIII. COURT MAINTAINS JURISDICTION

**IT IS FURTHER ORDERED** that this Order shall remain in effect until further order of the Court, and the Court shall retain jurisdiction over this action to ensure compliance with this Order and for all other purposes related to this action.

**IT IS SO ORDERED.**

Signed: June 6, 2015

Martin Reidinger
United States District Judge