# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:15-cv-00081-MR-DLH

| | |
|---|---|
| **U.S. COMMODITY FUTURES TRADING COMMISSION,**<br><br>Plaintiff,<br><br>vs.<br><br>**OTC INVESTMENTS LLC, FOREX CURRENCY TRADING ADVISORS, LLC, and BARRY C. TAYLOR,**<br><br>Defendants. | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant Barry C. Taylor's Motion to Stay Discovery [Doc. 37].

The Defendant Barry C. Taylor, proceeding *pro se*, requests a temporary stay of discovery proceedings in this case in light of his ongoing bankruptcy proceeding and an ongoing criminal investigation of the Defendant by the Federal Bureau of Investigation. [Doc. 37]. The Defendant represents that the Plaintiff U.S. Commodity Futures Trading Commission ("Commission") does not oppose a temporary stay of discovery pending further development in the bankruptcy and/or criminal proceedings. [Id. at 2].

The Commission has responded to the Defendant's motion, advising that it does not object to the entry of a limited stay of discovery, but only because the Defendant is the subject of an on-going FBI investigation. [Doc. 38]. The Commission specifically opposes a stay discovery predicated on the Defendant's pending bankruptcy petition. Further, the Commission requests that any stay of discovery be limited to no more than 120 days from the entry of an order, and that the Commission be allowed to issue third party subpoenas to financial institutions. [Id.].

Upon review of the parties' briefs, and for cause shown, the Court will allow a limited stay of discovery on the grounds that the Defendant is the subject of an on-going FBI investigation.[1] The Court shall enter a Pretrial Order and Case Management Plan upon the expiration of the limited stay of discovery.

**IT IS, THEREFORE, ORDERED** that the Defendant Barry C. Taylor's Motion to Stay Discovery [Doc. 37] is **GRANTED IN PART**, to the extent that (1) discovery in this matter shall be stayed for a period of 120 days from the entry of this Order, and (2) the Commission shall be allowed to issue third

---

[1] The Court has already ruled that the instant civil enforcement action is exempted, pursuant to 11 U.S.C. § 362(b)(4), from the automatic stay afforded bankruptcy debtors. [Doc. 31].

party subpoenas to financial institutions during this 120-day period. Except as granted, the Defendant's Motion [Doc. 37] is otherwise **DENIED**.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge