# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>OTC INVESTMENTS LLC, FOREX CURRENCY TRADE ADVISORS, LLC AND BARRY C. TAYLOR,<br><br>Defendants. | Case No.: 1:15-cv-00081-MR |

## STIPULATION AND CONSENT ORDER AMENDING THE JUNE 8, 2015 ORDER OF PRELIMINARY INJUNCTION AGAINST DEFENDANT BARRY C. TAYLOR TO FACILITATE TAYLOR'S LIMITED ACCESS TO FUNDS FOR LIVING EXPENSES

Plaintiff U.S. Commodity Futures Trading Commission ("Commission" or "CFTC"), through its counsel, and Defendant Barry C. Taylor ("Taylor"), proceeding *pro se*, jointly stipulate to, and this Court finds there is good cause to enter an Order, amending the Order of Preliminary Injunction and Other Ancillary Relief against Defendant Taylor entered on June 8, 2015 (the "PI Order") (Docket Entry ("D.E.") # 31) to facilitate Taylor's limited access to funds for living expenses as set forth below. The Commission and Taylor hereby stipulate and this Court Orders as follows:

A. **Procedural Background:**

1. On April 21, 2015, the Commission filed a Complaint for Permanent Injunction, Civil Monetary Penalties, and Other Equitable Relief ("Complaint") (D.E. #1) against Defendants OTC Investments, LLC ("OTC"), Forex Currency Trade Advisors, LLC ("FCTA"), and Taylor. Contemporaneously, the Commission moved the Court for a Restraining Order, which the Court granted after oral argument on April 22, 2015, which contained a provision prohibiting the Defendants from withdrawing, transferring, removing, dissipating, concealing, or disposing of funds and property held by, under the control of, or in the name of the Defendants, including any after-acquired assets. (D.E. #11).

2. On June 8, 2015, the Court issued the PI Order (D.E. # 31) that, among other things, continued the restraint as to Taylor from dissipating any assets.[1]

3. Taylor now seeks gainful employment to cover his reasonable living expenses.

4. To that end, Taylor requests that any prospective earnings, bonuses, and/or other after-acquired income from any newfound employment be excluded

---

[1] On May 26, 2015, the Court entered an Order of Preliminary Injunction as to corporate defendants, OTC and FCTA (D.E. #28). That Order is not modified or otherwise affected by this Stipulation and Consent Order, and OTC and FCTA are not parties to this Stipulation.

2

from the restraints imposed by the PI Order for the limited purpose of covering his reasonable living expenses.

**B. Employment Restrictions**

5. Taylor agrees that he will not seek employment or engage in activity restrained, enjoined, and prohibited by the terms contained in the PI Order and those terms are not modified or otherwise affected by this Stipulation and Consent Order.

6. Taylor further agrees that he will not seek employment in any field related to finance, securities, equities, derivatives, futures, or foreign currency.

7. Within ten (10) days of securing any new employment, Taylor shall provide the name and address of the employer, as well the name of a contact person and telephone number from the employer's personnel office to the Commission.

**C. Personal Expenses**

8. The PI shall be, and hereby is, modified to allow Taylor to open a single new bank account in his name at a United States bank, to deposit any new funds earned from new employment, and to withdraw such funds for reasonable living expenses, both in a manner consistent with this Stipulation and Order. Any and all other bank accounts in the name of any Defendant shall remain unaffected by this Stipulation and Order and shall remain subject to terms of the Preliminary

3

Injunction that prohibit Defendants from dissipating assets. Within three (3) days of opening such a new bank account, Taylor shall provide complete information to the Commission's counsel of record about the account, including the name of the bank, address, telephone number, and account number.

9. Taylor shall deposit all prospective earnings, bonuses, and/or other income into the new bank account authorized by this Stipulation and Order, and make all withdrawals for all living expenses exclusively from said account.

10. Taylor shall be allowed to withdrawal up to Five Thousand Dollars ($5,000) per month from the new bank account authorized by this Stipulation and Order to pay for living expenses. All such depositions and/or withdrawals may only be from earnings or other income acquired after the date of the entry of this Order.

11. Taylor shall have the sole responsibility for insuring that the total amount of withdrawals for living expenses from the new bank account authorized by this Stipulation and Order does not exceed $5,000 per month, and for taking all other measures necessary to comply with the PI Order, as modified herein.

12. All assets restrained prior to the date of the entry of this Order shall remain restrained pursuant to the terms of the PI Order. Only after-acquired income from such employment as described herein shall be eligible for deposit into

the new bank account described above and/or withdrawal to pay Taylor's living expenses.

**D.   Monitoring of Bank Accounts**

13.   All dispositions of funds from the new bank account authorized by this Stipulation and Order, until further order of the Court, shall also be subject to monitoring by the Commission. Pursuant to both the terms of this Stipulation and Order, as well as the Commission's standing authority to issue third-party subpoenas to financial institutions, the Commission is authorized to obtain copies of any and all bank statements.

**E.   The PI Order Remains in Full Force and Effect**

14.   Subject to the limited modifications set forth above, the Order of Preliminary Injunction and Other Ancillary Relief against Defendant Taylor entered on June 8, 2015 (D.E. # 31) continues to be in full force and effect until further order of this Court.

**CONSENTED TO BY:**

| | |
|---|---|
| Barry C. Taylor | U.S. Commodity Futures Trading Commission |
| *[signature]* | |
| *Pro Se* | /s/ Peter M. Haas |
| 200 Mill Creek Rd. | Peter M. Haas |
| Franklin, NC 28734 | JonMarc P. Buffa |
| | *Attorneys for the Plaintiff* |
| Dated: July 24, 2015 | *U.S. Commodity Futures Trading Commission* |

Three Lafayette Center
1155 21st Street, NW
Washington, DC 20581
(202) 418-5377 (Haas) phaas@cftc.gov
(202) 418-5332 (Buffa) jbuffa@cftc.gov
(202) 418-5124 (facsimile)

Dated: July 24, 2015

**IT IS SO ORDERED**, at Asheville, North Carolina, on this 3 day of August, 2015.

_____
HON. MARTIN REIDINGER
UNITED STATES DISTRICT JUDGE